IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER RITTER<br>34 North Grange Avenue<br>Collegeville, Pennsylvania 19426 | : <br> : <br> : <br> : |
| v. | CIVIL ACTION NO. |
| PROGRESSIVE INSURANCE COMPANY<br>6300 Wilson Mills Road<br>Mayfield Village, Ohio 44143 | : **COMPLAINT AND JURY DEMAND**<br> : <br> : <br> : |

## CIVIL ACTION COMPLAINT

### THE PARTIES

1. Plaintiff, Christopher Ritter, is an adult individual, citizen and resident of the Commonwealth of Pennsylvania residing at 34 North Grange Avenue, Collegeville, Pennsylvania 19426.

2. Defendant, Progressive Insurance Company (hereinafter referred to as ("Progressive") is a corporation or other business entity authorized and licensed to sell and provide automobile financial responsibility in the Commonwealth of Pennsylvania with its domicile, residency and principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

### JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."

4. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that: - it is where a substantial part of the events or omissions given rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff, Christopher Ritter, avers and incorporates by reference the averments of Paragraphs 1 through 4, inclusive, of this Complaint as though the same were fully set forth herein.

6. At all times material to this Civil Action, Plaintiff, Christopher Ritter, had a valid contract with the Defendant, Progressive, consisting of a policy of automobile insurance, Policy No. 07574758-3 covering the aforesaid motor vehicle.

7. At all times relevant and material to this Civil Action, Plaintiff, Christopher Ritter, was the lawful passenger of a 2018 Ford E350, owned/leased and insured by BJ Kerper General Contractor, LLC, which, at all times material hereto, was insured by Defendant, Progressive Insurance Company.

8. On or about March 10, 2021 at approximately 3:30 p.m., Plaintiff, Christopher Ritter, was a passenger in aforementioned truck, stopped at a red traffic light on Park Avenue at or near its intersection with Germantown Pike, Norristown Borough, Montgomery County, Pennsylvania, when suddenly and without warning, was struck from behind by an uninsured motorist resulting in serious bodily injuries hereinafter more fully set forth.

9. The uninsured motorist was careless and negligent in the operation of his vehicle so as to cause this collision resulting in serious and permanent injuries and damages to Plaintiff, Christopher Ritter.

10. As a direct and proximate result of the negligence of the uninsured motorist, Plaintiff, Shanaya Christopher Ritter, suffered and will continue to suffer from severe and permanent injuries to his bones, joints, muscles, tendons, blood vessels, and soft tissues throughout his entire body.

11. On the date of the aforesaid collision, Plaintiff, Christopher Ritter, was an "insured" as same is defined in 75 Pa. C.S.A. §1701, et seq. and is entitled to recover from Defendant

pursuant 75 Pa. C.S.A. §1733(a)(1), under the subject motor vehicle policy issued by Defendant, Progressive, with an uninsured motorist single limit of $300,000.00.

## COUNT I
## CHRISTOPHER v. PROGRESSIVE

12. Plaintiff, Christopher Ritter, avers and incorporates by reference the averments of Paragraphs 1 through 11, inclusive, of this Complaint as though the same were fully set forth herein.

13. The aforesaid accident was the direct and proximate result of the carelessness and negligence of the uninsured motorist and was due in no part to any act or failure to act on the part of Plaintiff, Christopher Ritter.

14. As direct and proximate result of the carelessness and negligence of the aforesaid uninsured motorist, the Plaintiff, Christopher Ritter, suffered serious, painful and permanent bodily injuries including but not limited to cervical radiculopathy, cervical spondylosis without myelopathy, myalgia of head and neck auxiliary muscles, cervical strain, thoracic myofascial strain, strain of the ligaments of cervical spine, strain of the ligaments of thoracic spine, strain of the ligaments of lumbar spine, sprain of sacroiliac joint, sprain of the right shoulder joint, sprain of the left shoulder joint, cervicalgia, thoracic spine pain, low back pain, muscle spasms, a severe shock to his nerves and nervous system and various other ills and injuries, as well as mental anguish, severe and substantial emotional distress and loss of the capacity for the enjoyment of life.

15. As a direct and proximate result of the carelessness and negligence of the aforesaid uninsured motorist, the Plaintiff, Christopher Ritter, was, is and will be required to undergo medical treatment and incur medical costs and expenses in order to alleviate said injuries, pain and suffering.

16. As a direct and proximate result of the carelessness and negligence of the aforesaid uninsured motorist, the Plaintiff, Christopher Ritter, was, is and will be precluded from engaging in his normal activities and pursuits.

17. The medical documentation of Plaintiff establishes that as a result of the accident caused by the uninsured motorist, Plaintiff, Christopher Ritter, sustained permanent injuries resulting in permanent residual disability.

18. Defendant has ignored or has acted with reckless indifference to the proofs submitted by Plaintiff, Christopher Ritter, which clearly establish Plaintiff's entitlement to uninsured motorist benefits.

19. Defendant, Progressive, has never had Plaintiff, Christopher Ritter, examined by any physician and, therefore, has no medical evidence or documentation of its own to refute Plaintiff's medical evidence which clearly establishes that Plaintiff's injuries.

20. Despite having no medical evidence of its own to refute Plaintiff, Christopher Ritter's, medical evidence, Defendant, Progressive, without any justification, refused to pay Plaintiff's uninsured motorist benefits under the policy issued to Plaintiff, requiring Plaintiff to file suit to obtain those benefits.

21. Further, Plaintiff, Christopher Ritter, has accumulated medical bills and expenses which are recoverable from the uninsured motorist policy herein, that currently equal or exceed **$12,818.00**, which sum may/will continue to increase.

**WHEREFORE,** Plaintiff, Christopher Ritter, demands judgment in his favor and against Defendant, Progressive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs of suit and attorney's fees.

## COUNT II – BREACH OF CONTRACT
## CHRISTOPHER RITTER v. PROGRESSIVE

22. Plaintiff, Christopher Ritter, avers and incorporates by reference the averments of Paragraphs 1 through 21, inclusive, of this Complaint as though the same were fully set forth herein.

23. Plaintiff, Christopher Ritter, has complied with all of the terms and conditions of the insurance policy with the Defendant, Progressive, and is entitled to be paid uninsured motorist benefits to compensate him for the damages sustained by the Plaintiff herein resulting from the negligence of the uninsured motorist.

24. The insurance policy with Defendant, Progressive, is a contract and Defendant herein has breached that contract in the following ways:

   (a) failing to reasonably investigate Plaintiff's uninsured motorist claim;

   (b) failing to objectively and fairly evaluate Plaintiff's uninsured motorist claim;

   (c) failing to promptly offer payment of the reasonable and fair value of the uninsured motorist claim;

   (d) failing to attempt in good faith to effectuate the prompt, fair and equitable settlement of Plaintiff's claim for uninsured motorist benefits;

   (e) failing to make any payment to the Plaintiff under the uninsured motorist provision of the Plaintiff's policy;

   (f) offering to settle Plaintiff's claim for uninsured motorist benefits for an amount that it is substantially less than value of that claim.

**WHEREFORE,** Plaintiff, Christopher Ritter, demands judgment in his favor and against Defendant, Progressive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs of suit and attorney's fees.

## COUNT III – BAD FAITH
## CHRISTOPHER RITTER v. PROGRESSIVE

25. Plaintiff, Christopher Ritter, avers and incorporates by reference the averments of Paragraphs 1 through 24, inclusive, of this Complaint as though the same were fully set forth herein.

26. The actions of Defendant, Progressive, in the handling of Plaintiff's uninsured motorist claim constitutes bad faith, as defined under 42 Pa.C.S.A. Section 8371 as follows:

   (a) Failing to objectively and fairly evaluate Plaintiff's claims;

   (b) Engaging in dilatory claim's handling;

   (c) Failing to adopt and/or implement reasonable standards in evaluating Plaintiff's claims;

   (d) Acting unreasonably and unfairly in response to Plaintiff's claims;

   (e) Not attempting in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claim in which Defendant's liability under the policy had become reasonably clear;

   (f) Subordinating the interest of its insured to its own financial monetary interest;

   (g) Failing promptly to offer payment to Plaintiff;

   (h) Failing reasonably and adequately to investigate Plaintiff's claim;

   (i) Failing to reasonably evaluate and/or review the medical documents;

   (j) Violating the fiduciary duty owed to Plaintiff;

   (k) Otherwise unreasonably and unfairly withholding uninsured motorist benefits justly due and owing to Plaintiff pursuant to 75 Pa. C.S.A. §1701, et. seq.;

   (l) Compelling its insured to file suit and engage in litigation when a less costly and less time-consuming method of resolving a dispute between Plaintiff and Defendant exists;

(m) Compelling Plaintiff to litigate this claim to recover amounts due under the insurance policy;

(n) Failing to make an honest, intelligent and objective settlement offer;

(o) Causing Plaintiff to expend money on the presentation of this claim;

(p) Purposely failing to follow, and ignoring, the settled law and statutes of the Commonwealth of Pennsylvania contained in 75 Pa. C.S.A. §1701, et. seq. which laws have been in place since July 1, 1990 [more than 32 years]; and,

(q) Causing Plaintiff to bear the stress and anxiety associated with litigation.

27. As Plaintiff's insurer, Defendant owes a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's uninsured motorist claims in good faith and to arrive at a prompt, fair and equitable settlement.

28. Defendant has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of Plaintiff, its insured, and is liable for its bad faith conduct.

29. For all of the reasons set forth above, Defendant has violated the policy of insurance and its obligations as an insurer; has failed to act in good faith toward Plaintiff and has violated 42 Pa.C.S.A. §8371, for which Defendant is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief as the Court deems appropriate.

30. Defendant's bad faith consisted of, but is not limited to, the following:

(a) Failing to provide to Plaintiff contracted-for insurance coverage due to Defendant's own failings or mistakes;

(b) Failing to provide to Plaintiff contracted-for insurance coverage due to Defendant's own authorized agent's failings or mistakes;

(c) Failing to provide to Plaintiff contracted-for insurance coverage despite being keenly and fully aware of that stated in (a) and (b), above;

(d) Failing to correct or act upon Defendant's mistakes, despite being aware of same; and,

(e) Forcing Plaintiff to file the instant action to recover uninsured motorist benefits.

**WHEREFORE,** Plaintiff, Christopher Ritter, demands judgment in his favor and against Defendant, Progressive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs of suit and attorney's fees.

## JURY DEMAND

Plaintiff herein demands a jury trial.

TABAKINWOLFE, LLP

BY: _____
BRAD S. TABAKIN, ESQUIRE
Attorney I.D. No. 65649
brad@twlegal.net

BY: _____
RICHARD A. WOLFE, ESQUIRE
Attorney I.D. No. 78944
rich@twlegal.net

1000 Germantown Pike, B-3
Plymouth Meeting, PA 19462
(252) 525-1616 – phone
(215) 525-5858 – facsimile

*Attorneys for Plaintiff,
Christopher Ritter*